IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN W. WRIGHT III,

ORDER

Plaintiff,

v.                                                                    14-cv-283-jdp[1]

MRS. KILSDONK, DR. SPOTTS, MS. PARKER,
MS. SHARP, MS. BONES, MR. KEMPER,
AND MR. HOWARD,

Defendants.

Pro se plaintiff John W. Wright III, an inmate at the Racine Correctional Institution, has filed this proposed action naming several prison officials as defendants. Plaintiff has made an initial partial payment of the filing fee as directed by the court. The next step in this case is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A.

In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, even under this standard, plaintiff's allegations are insufficient because his complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Accordingly, I will dismiss plaintiff's complaint and give him a short time to file an amended complaint.

The following facts are drawn from plaintiff's complaint.

ALLEGATIONS OF FACT

Plaintiff John W. Wright III is an inmate at the Racine Correctional Institution. On

---

[1] This case was reassigned to me pursuant to a May 19, 2014 administrative order, Dkt. 7.

February 21, 2014, as plaintiff was returning to his cell, a fellow inmate told him not to go in. Plaintiff entered anyway and saw his cellmate engaged in oral sex with another inmate. Plaintiff's cellmate told him, "Don't say nothing." Plaintiff responded that he was going to report the incident.

Plaintiff told defendant social worker Ms. Sharp about the incident, but she said that there was nothing she could do and told plaintiff to wait for defendant Sergeant Parker. When plaintiff talked to Parker, she laughed at plaintiff. Plaintiff wrote a grievance to defendant Ms. Bones but she did nothing to help him. Plaintiff talked to defendant Mrs. Kilsdonk but she laughed at him, told him she was not going to move his cell assignment, and called him a snitch. Plaintiff wrote to defendant Warden Kemper, but he never responded. Plaintiff wrote to defendant Ms. Spotts, a "psychological" official, but she laughed at him and asked him if he felt he was "coming out of the shell of being gay." Plaintiff states that he could not sleep for seven days after the incident because he was scared and no longer feels safe "around these guards [they're] all together and share information with one another." Plaintiff states that he needs psychological treatment "away" from the Racine prison.

## ANALYSIS

To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A court will accept the factual allegations in the complaint as true, but they must give "'fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). At present, I cannot tell what type of claim plaintiff is attempting to bring because although he states that he is "scared," he does not explain what danger he faces or how that danger is related to the February 21, 2014 incident

2

plaintiff details in his complaint. The court is aware that sexual contact between inmates violates prison rules, *see* Wis. Admin. Code. § 303.15, but plaintiff does not explain how he was harmed by seeing his cellmate engaging in oral sex with another inmate. For instance, he does not explain whether he was threatened by either of the inmates for reporting what he saw, whether he believes that he faces a risk of being sexually assaulted, or whether he believes that he was psychologically damaged in some way by witnessing the sexual contact or by the various defendants' responses to his complaints.

Because plaintiff's allegations do not pass muster under Rule 8, I will dismiss the complaint and will give plaintiff an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to understand what danger or unconstitutional conditions of confinement plaintiff faced and what each defendant did or failed to do that harmed plaintiff. If plaintiff does not submit an amended complaint by the deadline stated below, I will direct the clerk of court to enter judgment in favor of defendants and close the case.

ORDER

IT IS ORDERED that:

1) The complaint filed by plaintiff John W. Wright III, Dkt. 1, is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

2) Plaintiff may have until October 30, 2014 to submit an amended complaint explaining the basis for his claims. Failure to submit an amended complaint by this deadline will result in dismissal of the case.

Entered this 9th day of October, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge

4