IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN W. WRIGHT III,

                Plaintiff,

v.

MRS. KILSDONK, DR. SPOTTS,
MS. PARKER, MS. SHARP, MS. BONES,
MR. KEMPER, and MR. HOWARD,

                Defendant.

OPINION & ORDER

14-cv-283-jdp

---

Pro se plaintiff John W. Wright III is now an inmate at the Kenosha Correctional Center. He filed a complaint about the conditions of his confinement during a stint at the Racine Correctional Institution (RCI). Plaintiff's first complaint failed to properly state a claim under Federal Rule of Civil Procedure 8. *See* Dkt. 1 and Dkt. 9. I gave plaintiff the opportunity to try again and explain more specifically how his federal and constitutional rights were violated. He has now submitted an amended complaint, which I will also screen according to 28 U.S.C. §§ 1915 and 1915A. Although I must read plaintiff's allegations generously, *Haines v. Kerner*, 404 U.S. 519, 521 (1972), I conclude that plaintiff has still not met the Rule 8 pleading standard. But he may try one more time: I will allow a second amended complaint against defendants.

ALLEGATIONS OF FACT

The following facts are alleged in plaintiff's proposed amended complaint. Dkt. 14. On February 21, 2014, plaintiff returned to his unit at RCI and walked in on his cellmate and another prisoner engaging in oral sex. Plaintiff got upset and reported the incident in

various ways to defendants Sharp, Parker, Bones, Kilsdonk, Kemper, and Spotts, as well as to non-defendants Sargent Krash and Mr. Alcedana. These prison officials declined to move plaintiff out of his unit or otherwise address his concern. Other prisoners found out that plaintiff had reported the incident. Plaintiff suffered mental stress, humiliation, difficulty sleeping, nightmares, difficulty eating, fear of being attacked by other prisoners for being a "snitch," and fear of being sexually assaulted by prisoners.

ANALYSIS

As I explained in my previous order, Dkt. 9, plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Plaintiff's claim must also be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At that point, I did not understand what type of claim plaintiff was pleading. Based on plaintiff's amended complaint, I understand him to be contending that defendants violated his Eighth Amendment rights by failing to protect him from the other inmates. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotations and citations omitted). To succeed on such a claim, plaintiff must show three things: (1) that he faced a substantial risk of serious harm; (2) that defendants were aware of that harm; and (3) that defendants were deliberately indifferent to that harm. *Id.* at 834. To be deliberately indifferent, defendants must have known of facts that would support an inference that "an excessive risk to inmate health or safety" existed and they must also have actually drawn that inference. *Id.* at 837.

Plaintiff's amended complaint has problems with the first two elements. First, although plaintiff alleges that he feared being attacked by other prisoners, it is not clear from the complaint exactly what the other prisoners said or did to plaintiff to make him fear for his own safety. It does not appear that plaintiff was actually assaulted at RCI. At a minimum, plaintiff must allege facts from which I can conclude that he had a reasonable fear of being attacked or harassed.

Second, plaintiff has alleged that he informed multiple prison officials of what he witnessed. But it is not clear from the complaint whether he notified defendants that he was in danger as a consequence of reporting what he witnessed. Unless defendants knew that plaintiff was in danger, his contention that they did not protect him from the perceived threat is insufficient.

I conclude that plaintiff has not yet stated a failure to protect claim under the Eighth Amendment because he has not alleged that he faced a serious risk of substantial harm, or that defendants knew of the serious risk of substantial harm. I will give plaintiff a short time to submit a second amended complaint and explain why he felt that he was in danger, and exactly what he told to each defendant about the danger he faced.

ORDER

IT IS ORDERED that:

1. The amended complaint filed by plaintiff John W. Wright III is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until September 16, 2015, to submit a second amended complaint explaining the basis for his claims. Failure to submit a second amended complaint by this deadline will result in dismissal of the case.

Entered August 26, 2015.

                      BY THE COURT:

                      /s/

                      _____
                      JAMES D. PETERSON
                      District Judge